**AMERICAN SALES COMPANY,**
**Appellant,**

v.

**DISTRICT OF COLUMBIA, Appellee.**

**No. 15940.**

United States Court of Appeals
District of Columbia Circuit.

Argued April 7, 1961.

Decided May 25, 1961.

Mr. Robert T. Smith, Washington, D. C., with whom Mr. Manuel J. Davis, Washington, D. C., was on the brief, for appellant.

Mr. Henry E. Wixon, Asst. Corp. Counsel for the District of Columbia, with whom Messrs. Chester H. Gray, Corp. Counsel, Milton D. Korman, Principal Asst. Corp. Counsel, and Robert E. Mc-Cally, Asst. Corp. Counsel, were on the brief, for appellee.

Before BAZELON, BASTIAN and BURGER, Circuit Judges.

PER CURIAM.

This case brings us another appeal under the District of Columbia tax laws and related regulations. It arises under certain sections which govern taxes on beverages. Appellant is a licensed distributor of beer at wholesale.

D.C.Code § 25–138 (Supp. VIII, 1960), provides that:

"(a) There shall be levied and collected by the District of Columbia *on all beer sold* by the holder of a manufacturer's or wholesaler's license, * * * a tax of $1.50 for every barrel containing not more than thirty-one gallons * * *. Unless the Commissioners shall by regulation prescribe otherwise, the collection and payment of such tax shall be in the manner following:

"(1) Each holder of a manufacturer's or wholesaler's license shall, on or before the 10th day of each month, furnish to the assessor of the District of Columbia, on a form to be prescribed by the Commissioners, a statement under oath showing the quantity of beer subject to taxation hereunder *sold by him during the preceding calendar month*." (Emphasis added.)

The Act also authorizes the Commissioners to prescribe regulations for other methods of assessment and collection of the tax if "such action is necessary to prevent frauds or evasions." D.C.Code § 25–138(b) (Supp. VIII, 1960). Purporting to act under this authority, by order No. 58–1560, the Commissioners on September 23, 1958, promulgated a regulation imposing a tax on all beer "offered for sale, kept for sale" or sold in the District of Columbia. Such a tax was assessed and collected against appellant commencing October 1958.

Appellant sued to recover a refund of that part of the tax levied which was paid on beer warehoused but not sold and for a refund on the tax collected on beer not sold because of breakage and inventory shortage. The District Court dismissed the complaint and this appeal is from the order of dismissal and the holding that the regulation was consistent with the statute.

The problems presented are the familiar ones of attempting to construe and apply the badly drawn taxing statutes of the District of Columbia, which give rise to numerous problems of interpretation for both administrators and courts.

We hold that the pertinent regulations taxing beer in the warehouse and before it is sold are not authorized by a statute which repeatedly refers to the tax as one "on all beer sold" and which prescribes monthly reports of beer "sold by him during the preceding calendar month." [1] Appellee argues that the statute in effect authorizes a tax comparable to the tax on

---

1. The District contends that its interpretation of the statute is supported by D.C. Code § 25–103(o) (1951), which provides that "the word 'sell' or 'sale' shall include offering for sale, keeping for sale * * *." But that section does not purport to define the word "sold" and has the more limited function in the statute of describing those persons required to obtain a license. E. g., D.C.Code §§ 25–109, 25–111 (Supp. VIII, 1960).

wine and spiritous liquors. But that statute provides for a tax on such beverages "imported or brought into the District." D.C.Code § 25-124 (Supp. VIII, 1960). Congress has not provided for a like tax on beer, and hence the regulations adopted by the appellee are invalid insofar as they are levied on beer which has not been sold.

Reversed and remanded for proceedings consistent with this opinion.